ROBERT E. OPERA – State Bar No. 101182
   ropera@winthropcouchot.com
RICHARD H. GOLUBOW – State Bar No. 160434
   rgolubow@winthropcouchot.com
PAYAM KHODADADI – State Bar No. 239906
   pkhodadadi@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660

Telephone: (949) 720-4100
Facsimile:  (949) 720-4111

Counsel for the Official Committee of
Creditors Holding Unsecured Claims

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MTI TECHNOLOGY CORPORATION, a Delaware corporation,<br><br>           Debtor and<br>           Debtor-in-Possession.<br><br>OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS,<br><br>           Plaintiff,<br><br>v.<br><br>NORR STIEFENHOFER LUTZ<br><br>           Defendant. | Case No. 8:07-13347-ES<br><br>Chapter 11 Proceeding<br><br>Adversary Proc. No. _____<br><br>**COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY AND FOR DISALLOWANCE OF CLAIM**<br><br>[11 U.S.C. §§ 547, 550, and 502(d)] |

1     Plaintiff, the Official Committee of Creditors Holding Unsecured Claims (the "Plaintiff"), for the estate of MTI Technology Corporation, a Delaware corporation, the above-captioned debtor and debtor-in-possession (the "Debtor"), alleges as follows:

## I.

## JURISDICTIONAL ALLEGATIONS

1.     This adversary proceeding arises out of and is related to the above-captioned proceeding pending before this Bankruptcy Court. Therefore, this Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The causes of action set forth herein concern the determination, allowance and amount of claims pursuant to 11 U.S.C. §§ 502(d), 547 and 550, and, as such, constitutes a "core" proceeding under 28 U.S.C. § 157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     This bankruptcy case was commenced by the filing on October 15, 2007 (the "Petition Date") of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.     Pursuant to an Order of the Bankruptcy Court entered on March 12, 2009, the Plaintiff is authorized to commence suit on behalf of the estate.

5.     Plaintiff is informed and believes, and on that basis alleges, that Norr Stiefenhofer Lutz (the "Defendant") is, and at all times material herein was, a creditor of Debtor.

## II.

## FIRST CLAIM FOR RELIEF

### (To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547)

6.     The Plaintiff incorporates each and every allegation contained above, as if fully set forth herein.

7.     On or within 90 days before the Petition Date (the "Preference Period"), the Debtor made one or more transfers by check, wire transfer, or its equivalent, of an interest of the Debtor in property in an aggregate amount not less than $25,207.80, including those listed on the attached Exhibit "1" (hereinafter collectively referred to as the "Preferential Transfers") directly to or for the benefit of the Defendant herein.

8. The Defendant was a creditor of the Debtor at the time of the Preferential Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Preferential Transfers, the Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

9. The Preferential Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Preferential Transfers either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

10. The Preferential Transfers were made on account of an antecedent debt(s) because the Preferential Transfers were on account of a debt obligation for which the Debtor was legally bound to pay before the Preferential Transfers were made.

11. The Debtor was insolvent throughout the Preference Period within the meaning of the Bankruptcy Code, in that the sum of its debts was greater than the fair value of its assets, within the meaning of 11 U.S.C. § 101(32)(A) and 11 U.S.C. § 547(b)(3).

12. By reason of the Preferential Transfers, the Defendant received more on account of its debt than the Defendant would receive if this case were a case under Chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

### III.

### SECOND CLAIM FOR RELIEF

(To Recover Avoided Transfers from Defendant

for the Benefit of the Estate Pursuant to 11 U.S.C. § 550)

13. The Plaintiff incorporates each and every allegation contained above, as if fully set forth herein.

14. The Preferential Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 547, may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550(a).

IV.

**THIRD CLAIM FOR RELIEF**

**(Disallowance of Claim No. 277 Filed by Defendant Pursuant to Under 11 U.S.C. § 502(d))**

15. The Plaintiff incorporates each and every allegation contained above, as if fully set forth herein.

16. The Defendant has at no time prior to the filing of this Complaint reconveyed, returned, released or turned over to Plaintiff the amount for which Defendant is liable under Bankruptcy Code Section 550.

17. Based upon the foregoing, the Plaintiff is entitled to a judgment disallowing Claim Nos. 277 and 375 (the "Claims"), which was filed by Defendant, pursuant to Bankruptcy Code Section 502(d).

V.

**RELIEF REQUEST**

1. The Preferential Transfers be avoided and set aside;

2. The Plaintiff shall recover from Defendant the Preferential Transfers, together with prejudgment interest thereon at the legal rate allowed under 28 U.S.C. § 1961 from the date of each transfer;

3. Disallowance of the Claims pursuant to Bankruptcy Code Section 502(d);

4. An award of costs incurred in this suit; and

5. Such other and further relief as this Court may deem necessary and proper.

DATED: October 14, 2009

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**

By: _____
Robert E. Opera
Richard H. Golubow
Payam Khodadadi
Counsel for the Official Committee of
Creditors Holding Unsecured Claims

# EXHIBIT "1"

| Date | | | |
|---|---|---|---|
| 10/15/2007 | 76723883 | 25,207.80 | |
| Total | | 25,207.80 | |

FORM 104 (10/06)                                                                                      2006 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Official Committee of Unsecured Creditors | **DEFENDANTS** <br> Norr Stiefenhofer Lutz |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Winthrop Couchot PC by Richard H. Golubow, Esq. <br> 660 Newport Center Dr., 4th Fl. <br> Newport Beach, CA 92660 <br> 949-720-4100 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☒ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Avoid Preferential Transfer [11 U.S.C. §547], and to Recover [11 U.S.C. §550] and Disallowance of Claim [11 U.S.C. §205(d)]

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 25,207.80 |

Other Relief Sought

FORM 104 (10/06), page 2                                                                2006 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> MTI Technology Corporation ||| **BANKRUPTCY CASE NO.** <br> 8:07-BK-13347 ES |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California || **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** <br> Erithe A. Smith |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** <br> None | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> [signature] ||||
| **DATE** <br> October 14, 2009 || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Richard H. Golubow, Esq. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

American LegalNet, Inc. <br> www.FormsWorkflow.com

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>Richard H. Golubow, Esq. – State Bar No. 160434<br>  rgolubow@winthropcouchot.com<br>Robert E. Opera, Esq. – State Bar No. 101182<br>  ropera@winthropcouchot.com<br>Winthrop Couchot Professional Corporation<br>660 Newport Center Dr., Fourth Floor<br>Newport Beach, CA 92660<br>Phone: (949)720-4100 Fax: (949)720-4111<br><br>*Attorneys for the Official Committee of Creditors Holding Unsecured Claims* | FOR COURT USE ONLY |
|---|---|

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>MTI TECHNOLOGY CORPORATION<br><br>Debtor. | CHAPTER 11<br><br>CASE NUMBER 8:07-BK-13347 ES<br><br>ADVERSARY NUMBER: |
|---|---|
| OFFICIAL COMMITTEE OF CREDITORS<br>HOLDING UNSECURED CLAIMS<br>Plaintiff(s),<br><br>vs.<br><br>NORR STIEFENHOER LUTZ<br>Defendant(s). | *(The Boxes and Blank Lines Below Are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☒ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)

**F 7004-1**

MAINDOCS-#134379-v1-MTIMarshRiskSummons

| Summons and Notice of Status Conference - *Page 2* | **F 7004-1** |
|---|---|
| In re<br>**MTI TECHNOLOGY CORPORATION**<br>Debtor(s). | CASE NO.: 8:07-BK-13347 ES<br>Chapter 11 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
660 Newport Center Drive, Suite 400, Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as **SUMMONS AND NOTICE OF STATUS CONFERENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first-class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____   /s/_____
*Date*         *Type Name*                     *Signature*

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)                                                          **F 7004-1**
MAINDOCS-#134379-v1-MTIMarshRiskSummons